**BEFORE THE
UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

IN RE: WRIGHT MEDICAL
TECHNOLOGY, INC., CONSERVE                              MDL No. 2329
HIP IMPLANT PRODUCTS
LIABILITY LITIGATION

**INTERESTED PARTY RESPONSE OF PLAINTIFF DIANA TAYLOR
IN SUPPORT OF TRANSFER AND CONSOLIDATION
PURSUANT TO 28 U.S.C. § 1407**

## I.    INTRODUCTION

On January 13, 2012, Plaintiff Diana Taylor filed a Complaint in the United States District Court, Central District of California, titled *Diana Taylor v. Wright Medical Technology, Inc.* and *Wright Medical Group, Inc.*, Case No. 2:12-cv-00372-RGK-DTB, alleging that as a direct and proximate result of Plaintiff Diana Taylor's use of the Wright Medical CONSERVE® Hip Implant, as manufactured, designed, sold, supplied, marketed and introduced into the stream of commerce by Defendants, Plaintiff Diana Taylor suffered serious physical injury, harm, damages and economic loss and will continue to suffer same in the future, as well as damages for loss of consortium.  Two of the named defendant designers of the CONSERVE Hip System, Dr. Harlan C. Amstutz and Dr. Brad Penenberg, are residents of Los Angeles, California.

On or about November 29, 2011, Plaintiff Danny L. James, Sr. filed a Motion for Transfer of Actions pursuant to 28 U.S.C. § 1407 to the Northern District of Georgia or the Southern District of Georgia.  Pursuant to 28 U.S.C. § 1407 and the Rules of Procedure of the Judicial Panel on Multidistrict Litigation ("Panel"), Plaintiff Diana Taylor submits her Interested Party Response in support of the transfer and centralization of all federal actions against Wright

Medical Technology, Inc., and Wright Medical Group, Inc. (hereinafter "Wright") for recovery for defective hip implant components marketed by Wright as the CONSERVE Femoral Surface Replacement, CONSERVE PLUS Total Hip System, CONSERVE Total A-Class Advanced Metal, CONSERVE Total Hip System, or ProFemur® Total Hip System with Conserve Femoral Total A-Class® Head with BFH® Technology and Conserve Plus Cup (collectively the "CONSERVE Hip Implant System").

## II.  STANDARD

Multidistrict litigation is designed "to 'promote the just and efficient conduct' of 'civil actions involving one or more common questions of fact' that are pending in different districts." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1229 (9th Cir. 2006) *quoting* 28 U.S.C. § 1470(a)).  Upon a motion for transfer, the Judicial Panel on Multidistrict Litigation "analyzes each group of cases in light of the statutory criteria and the primary purposes of the MDL process to determine whether transfer is appropriate." *In re PPA Products Liability Litigation, 460 F.3d at 1230.*  The Judicial Panel on Multidistrict Litigation has used various criteria to determine the most appropriate transferee forum under 28 U.S.C. § 1407.  Among the factors the Panel has considered when selecting a transferee forum is whether the forum: "(1) is not overtaxed with other MDL cases, (2) has a related action pending in its docket, (3) has a judge with some degree of expertise in handling the issues presented, and (4) is convenient to the parties."  Herr, David, *Annotated Manual for Complex Litigation,* § 22.32 at p. 541 (4th ed. 2007).

## III.  CENTRALIZATION IS APPROPRIATE HERE AS THERE ARE COMMON QUESTIONS OF FACT

The actions brought to the Panel's attention by the moving parties to date, with the exception of Plaintiff Tucker, share key common questions of fact related to the nature of the

2

defect in the CONSERVE Hip Implant System implanted into thousands of patients across the United States. The CONSERVE Hip Implant System has caused and will continue to cause personal injuries requiring explanting and replacing the device with an alternative acetabular component. Additionally, there are key questions of fact regarding Wright's ongoing conduct in concealing and failing to correct the impact of the marking and sale of these defective orthopedic devices.

Interested Party Plaintiff Diana Taylor[1] agrees that centralization is warranted and will promote the just and efficient conduct of the actions and offer convenience to the various witnesses and the parties. In support, Plaintiff submits that, in light of the history and development of metal-on-metal hip implant systems and specifically, the CONSERVE Hip Implant System, the Panel should consider transferring the cases to the Northern District of Georgia.

## IV.     THE CONSERVE HIP IMPLANT SYSTEM

All of Defendants' CONSERVE products associated with this litigation involve the defective design of the metal-on-metal hip device which forms the basis of the existing actions. Within the "CONSERVE family" there are four different products: the CONSERVE Femoral Surface Replacement, the CONSERVE PLUS Total Hip System, the CONSERVE Total A-CLASS Advanced Metal, and/or the CONSERVE Total Hip System. (Docket No. 18, p. 2).

The CONSERVE Hip Implant System is a metal-on-metal hip system, much like the DePuy ASR and Pinnacle Hip Implants, MDL 2197 and 2244, respectively. The CONSERVE cup consists of cast cobalt chromium molybdenum that provides the receptacle for the metal

---

[1] Respondent is a Plaintiff in a case filed in the United States District Court for the Central District of Los Angeles, styled *Diana Taylor v. Wright Medical Technology, Inc., et al.,* Case No. 2:12-cv-00372-RGK-DTB. A copy of the Complaint is attached hereto as Exhibit A.

3

(cobalt chromium molybdenum) femoral head. The metal femoral head rotates within the metal monoblock CONSERVE cup, which also like the DePuy ASR, does not have a liner.

As Defendants have acknowledged, "the CONSERVE® devices consist of two products – a liner-less, high carbon, cobalt chrome cup and a large diameter high carbon cobalt chrome femoral head (the "CONSERVE® Device")" which is the defective product that is the basis of this litigation. (Docket 18, p. 2.) Wright's CONSERVE products at issue herein arise from and relate to its defective design of its metal-on-metal hip devices by whatever name.

Wright's metal-on-metal hip devices all consist of the CONSERVE Cup and the large diameter metal femoral head. Whether the product is named the CONSERVE Femoral Surface Replacement, CONSERVE PLUS Total Hip System, CONSERVE Total A-CLASS Advanced Metal or CONSERVE Total Hip System is irrelevant. Wright acknowledges in its opposition that within the "CONSERVE family" that all of the CONSERVE products involve the high carbon cobalt chrome cup and a large diameter high carbon cobalt chrome femoral head, which is the defective product design that is at the heart of this litigation. (Docket No. 18, p. 2.)

In its opposition to transfer, Wright correctly makes the distinction between the CONSERVE device and the PROFEMUR products. The PROFEMUR stem and neck litigation is distinct from the CONSERVE device litigation in that the PROFEMUR involves the stem and modular neck of the hip device while the CONSERVE device involves the metal-on-metal cup and femoral head. However, the PROFEMUR system oftentimes utilizes the CONSERVE Cup and the large diameter metal femoral head. Regardless of the configuration, the alleged defects associated with the CONSERVE Cup and large metal head configuration should be centralized for efficiency, economy and consistency.

## V. CLAIMS

Those who have been injured by a CONSERVE Hip Implant System have begun to initiate lawsuits in state and federal courts throughout the United States. Counsel for Interested Party Plaintiff Diana Taylor is aware of numerous lawsuits that have been filed in federal courts and several additional cases have been filed in various state courts. The number of lawsuits is expected to grow significantly within the coming months. Counsel for Diana Taylor has additional CONSERVE cases that will be filed in the near future. The anticipated numerical scope of these cases, as well as the extensive common factual issues shared by these cases, is why Plaintiff Diana Taylor seeks consolidation and coordination in a centralized MDL.

For the reasons set forth below, Plaintiff Diana Taylor proposes the Northern District of Georgia as the transferee Court. Should it be determined that the Northern District of Georgia is not an appropriate venue, Plaintiff Diana Taylor requests consideration of the Central District of California as an appropriate venue.

## VI. THE NORTHERN DISTRICT OF GEORGIA IS THE MOST FITTING VENUE FOR THE COORDINATED WRIGHT MEDICAL CONSERVE DEVICE LITIGATION

Judge Richard W. Story in the Northern District of Georgia has the experience and is well-suited to handle this litigation. The Honorable Richard W. Story has been on the bench for over 25 years. From 1986 to 1997, he served as Chief Judge for the Northern Judicial Circuit, Superior Court of Georgia. In 1997, Judge Story was appointed to his current seat. Judge Story's experience handling complex litigation and product liability cases and his extensive experience in the administration of large numbers of cases make him a preferred choice to manage the coordination of these actions.

The Atlanta International Airport is one of the largest airports in the nation servicing all major metropolitan areas in the United States. Additionally, the close proximity to Arlington, Tennessee, the principal place of business for the Wright Defendants, makes the Northern District of Georgia an ideal location for the pretrial coordinated proceedings.

## VII. THE CENTRAL DISTRICT OF CALIFORNIA IS A PROPER ALTERNATE VENUE FOR THE COORDINATED WRIGHT MEDICAL CONSERVE DEVICE LITIGATION

Should the Panel decide that the Northern District of Georgia is not the most appropriate venue, Interested Party Plaintiff Diana Taylor requests the Panel consider the Central District of California as a potential venue.

The Central District of California is an appropriate venue as two of the defendants, who are designers of the CONSERVE Hip Implant System, are located in Los Angeles, California. It is anticipated that substantial discovery will take place in Los Angeles, California. Defendant Dr. Harlan C. Amstutz claims to hold the patents for several CONSERVE devices and he is a resident of Los Angeles, California. Defendant Dr. Brad Penenberg is another designer of the CONSERVE Hip System and is also a resident of Los Angeles, California.

In addition, numerous judges in the Central District of California have extensive experience with coordinated proceedings.

For these reasons, the Central District of California would be a proper alternate venue for the pretrial coordinated proceedings.

## VIII. CONCLUSION

Accordingly, Interested Party Plaintiff Diana Taylor joins moving party Danny L. James Sr.'s Motion for Transfer and Centralization and requests that this Panel consider the Northern District of Georgia and the Honorable Richard W. Story as an appropriate Transferee Court. In

the alternative, Interested Party Plaintiff Diana Taylor requests consideration of the Central District of California.

DATED: January 18, 2012                     Respectfully submitted,

                                                */s/ Helen Zukin*
                                            Helen Zukin
                                            KIESEL BOUCHER LARSON, LLP
                                            8648 Wilshire Boulevard
                                            Beverly Hills, CA 90211-2910
                                            Telephone: (310) 854-4444
                                            E-mail: zukin@kbla.com

                                            *Counsel for Plaintiff*
                                            *DIANA TAYLOR*